[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11871

Non-Argument Calendar

_____

MUDHAFAR AMIN,

Plaintiff-Appellant,

*versus*

SECRETARY, DEPARTMENT OF HOMELAND SECURITY,

DIRECTOR, US CITIZENSHIP AND IMMIGRATION SERVICES,

DISTRICT DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICE, ORLANDO, FLORIDA,

ORLANDO FIELD OFFICE, DIRECTOR, CITIZENSHIP AND IMMIGRATION SERVICES,

2                  Opinion of the Court                  21-11871

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cv-03054-TPB-CPT

———————————

Before JORDAN, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Mudhafar Amin, an Iraqi citizen who unsuccessfully applied for naturalization, appeals the judgment against him in his civil suit seeking *de novo* review of that ruling. After a bench trial, the district court concluded on three independent grounds that he was not entitled to relief. Because he has abandoned a challenge to one of those grounds, we grant summary affirmance to the government.

I.

Shortly after arriving in the United States, Amin's wife, who had recently given birth to their child, divorced him. He later failed to disclose that prior marriage on his application for permanent resident status and on other immigration forms. He eventually disclosed the marriage when he applied for naturalization. But he testified under oath during his interview that he had never given any

U.S. Government official any information or documentation that was false, fraudulent, or misleading; and that he had never lied to any U.S. government official to gain entry or admission into the United States or to gain an immigration benefit.

U.S. Citizenship and Immigration Services denied his application for naturalization because of his previous misstatements about his marriage and his false testimony concerning those misstatements in his naturalization interview. It also stated that he failed to submit requested evidence of his divorce and that he did not demonstrate good moral character. Amin requested a hearing, and USCIS affirmed its order.

Amin filed a lawsuit in federal district court seeking *de novo* review of the denial of his application for naturalization. After a bench trial, the district court concluded that USCIS properly denied the application. Amin then timely appealed the district court's decision. The government moved for summary affirmance, arguing that Amin had abandoned any argument regarding his good moral character. It also moved for a stay of the briefing schedule, which we granted in part pending the result of the motion for summary affirmance.

## II.

After a bench trial, we ordinarily review the district court's conclusions of law *de novo* and its findings of fact for clear error. *Proudfoot Consulting Co. v. Gordon*, 576 F.3d 1223, 1230 (11th Cir. 2009). Summary disposition is appropriate where "the position

of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

### III.

"When an appellant fails to challenge properly on appeal one of the [independent] grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Here, the district court provided three independent grounds for its decision: (1) Amin made material misrepresentations and thus acquired permanent residency by unlawful means; (2) he could not demonstrate that he had good moral character, as required under 28 U.S.C. § 1427(a), because he lied during his naturalization interview; and (3) he failed to produced items requested in a Request for Evidence when those items were available. In his brief, Amin challenges the first and third of those grounds, but he says nothing of the second. He therefore "abandoned any challenge of that ground." *See Sapuppo*, 739 F.3d at 680. And because his failure to show good moral character was dispositive of his claim, *see* 28 U.S.C. § 1427(a), the government's position is "clearly right as a matter of law." *See Davis*, 406 F.2d at 1162. It thus follows that summary affirmance is warranted.

21-11871                    Opinion of the Court                        5

The government's motion for summary affirmance is **GRANTED**. Its motion to stay the briefing schedule is **DENIED IN PART** as moot.